

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEP 24 2020

Paul J Delorenza + R proSE

_____

No. _____

Write the full name of each plaintiff.

(To be filled out by Clerk's Office)

-against-

Sullivan County Jail Administration,

Mental Health Administrator,

Health Care Services Administration

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.



## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☑ Other:   title 28 CFR 35.104.(1$::)(2016) title # of ADA Section 504

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

PAUL                    J              Delorenzo              JR
First Name              Middle Initial          Last Name

                        None
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

2020/82 - 00772
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Sullivan County Jail
Current Place of Detention

58   Old St Rt 17
Institutional Address

Sullivan   Monticello,          New york          12701
County, City                    State              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced prisoner

☐ Other: _____



## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

MiKE         Schiff              SheReFF
First Name        Last Name            Shield #

Scheriff oF Sullivan County
Current Job Title (or other identifying information)

58 Old Rt 17
Current Work Address

Sullivan   monticello   Ny        12701
County, City                 State          Zip Code

Defendant 2:

ERic         ChAboty            Under Sheriff
First Name        Last Name            Shield #

Under Sheriff of Sullivan County
Current Job Title (or other identifying information)

58 Old Rt 17
Current Work Address

Sullivan   monticello   Ny        12701
County, City                 State          Zip Code

Defendant 3:

Herold       Smith              Cheif
First Name        Last Name            Shield #

JAil AdministrAtor
Current Job Title (or other identifying information)

58 Old 17
Current Work Address

Sullivan   monticello,   Ny       12701
County, City                 State          Zip Code

Defendant 4:

JAmes        GiNty              CAption
First Name        Last Name            Shield #

CAptin of Sullivan County JAil
Current Job Title (or other identifying information)

58 Old 17
Current Work Address

Sullivan   monticello,   Ny       12701
County, City                 State          Zip Code

SEP 24 2020

PG 3-A     Christospher Bini            Lt

Lt of Sullivan County Jail

58 Old 17

Sullivan County Jail monticello Ny 12701

MEDical STaff

DR. Weiss              Charge DR.

DR in Charge At Sullivan County Jail

lynn WilCox            Head Nurse

medical ADmmistrator At Sullivan county Jail

DR. MirzA              Bhychiatcist

facility Bhychiatcist At Sullivan county Jail

Wendy moore           Nurse

Nurse At Sullivan County Jail



PG 3-b    Jennie Norris            Social Worker

          Mental Health Social worker Sullivan county jail

All Work   Sullivan County Jail

           58 Old 17

           Sullivan monticello  Ny   12701

           CO talyor #

           Katie Slater



## V.   STATEMENT OF CLAIM

Place(s) of occurrence: A pod Cell 1 Sullivan County Jail

Date(s) of occurrence: Aug 1-2-3 / Aug 7-18  2020

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Due to my current information and ~~beleve~~ belifs, understanding of the Law everything I futher State is true to the best of my Knowledge.
On July 27 2020 during the facility Booking precess I, told CO Taylor that I Suffer from Seziures & N mental Health problems, due to A T.B.I And Suffer 37% loss of Conjinitive functions.
Later that day, I was Screened by Medical Staff Katie Slater, Agin told her the Same thing and meds I was on Klonopin - Anti Seziure, panck attrck ect, Adderll, Ocycodin for pain due to an Accident, I Have Seziures Not Cause of A Neuralgical disorder, but due to damage to my brain (Nuron mis firing)
for 6 days I was denied meds for my Seizures and on Aug 1 Suffered a Sizure and was rushed to the Hospital At that point A hospital DR prescribd me Kepra. After 6 hours I was brought back to jail where I Still was Not Seen by facility DR. Weiss
After 8 day of Mental torment or Have Not been given Mental health meds I was Seen by DR. Mirza jail Pshychiarist Via CAMRA, got in to an Arguement, Cause She didn't under Stand How I explained my Current Mental State

⑦

PG-4-A   and I tried to explain my current meds she cut me
off told me I was lying I got mad lost my calm and
walked out

On Aug 7 2020 After 12 days of being locked in a cell
with no medical/mental health. I wrote medical staff Wendy
Moore a letter pleading for help that this prolonged delay in Adquate
mental health, there for causing a dilbarate indiffrence to my medical
Needs, I such letter stated above I plead for help that the
Voices "were getting lauder" And due to my personal disability
And Not being on my medication the only way to sabdue the voices
is by acts of Vidence, or harm to my self ( punching walls, kicking
doors pulling my hair ect) In no way did I threaten my self or
Any one else, I just said this cald happen.
      So, Instead of medical help I was placed on 1 on 1
Stripped of my clothing and deprived of Human contact in
Solitary Confinment [2] While Still Not being Seen by A Dr was
detainned for 11 days Aug 7 2020 - Aug 18, 2020, On Aug 13
I was finally Seen by DR. MIRZA and to put on ~~Wellbutrine (side
effects cause seizures ( And Since had a seizure)~~ During my 11 day
Confinment I was not Seen After 72 hours by ~~ph~~ Pshychiatrist or
there After.
         I'd also like to take note that I wrote to jail Admin
on Aug 3 Had it Notarized Sent also to Judge Finn DA. Gallagen
Supreme court judge Ferrel of Sullivan County pleading for Help
         Due in fact that Sullivan County Jail failed in protecting
me from Serious physical Harm And helped detereorate my Mental



PG-4 B

Well being I do to my understanding of New York State law that Sullivan County Jail Admin + Medical Staff listed did show deliberate indifference to my personal disability (Seizures) And in doing So Cause" the immediate threat of imment danger to Serious physical injury 4 by this deliberate delay to My Medical Needs do So Caused "Serious physical injury 4 (Seizures) And by Medical Staff Not Understanding my Medical Needs is Still do So by giveing me Medication that Side effects Cause Seizures is in violation of 8 Amend 14 equal protection clause

Also to the best of my knowledge And understanding that Sullivan County Jail Mental Health department deliberate indifference To my personal mental disability and Grole Cruel delay in provideing Me, Mental Health Medication, And the fact I Am disabled do do to my t.b.I is A violation of title 28 CFR 35.104(1)(i)(2)(6) title II of A.D.A. Section 504, And 8, 14 Amendment to my understanding

I AM Also Stating on this Record that Many Attemps to Attian legal documentation to futher my prose Arguments Are fragle At most Cause What I request is Not NySMS and Can not be gotten by way of lexis Nexis, In As much this Court Know I'm filing "IN forma pauperis" So I do Not Have money to get legal Research by way of mail.

Also I State by the Sullivan County Jail Not Affording Me My Requested Materials I've been deprived of Filing this Claim With the Great Federal Court of White Plains and is my understanding that is a violation of due process And to Also Add that Since the 13, 2020 Aug I've Not

⑨

PG4C

DR MirzA but only the Social Worker Jennie Norris 3-4 time due to the fact She's too busy to See everyone

Due to my understanding the Medical Nurses Who work here (Not 24hrs) Are Not trainned mental health Nurses Which is Concidered "gross Staffing decrieiencies" Whitch futher My Argument or delibrate indiffrence on Sullivan County Jail N there Repeated Failure to provid Adequate mental Health Care. Due to the fact the Sullivan county jail does Not Have Full time physc DR Nor 24 Hour psychiatric care is "grossly ~~Inadeqaute~~ Inadequate psychiatric care" is Another finding for delibrate indiffrence

I Can go on for pages but I feel With this last Statement and due to my disability that I've undoubtly Stated My Claims every day due to the gross inadequies of the mental health or lack of Staffing N treatment I live in fear that I may Suffer A break down, And Have it Mistook as Acts of Agression and At be Hurt by Staff lock in Confinment deprived of proper Medical/Mental Health. Due to the fact there Not even Over Night Medical no less Mental Health Staff, IF I Suffer A episode in the middle of th Night, there Not even A Help/Call button in the cells provided for Mentally ill Inmates!

I Also provide evredence of Such Neguleet See attached 1-5 I'd Have provided more but in Sullivan County Jail We Are only Allowed the minimum by law And No More.



UNIVERSITY OF MICHIGAN LAW SCHOOL

# CIVIL RIGHTS LITIGATION CLEARINGHOUSE

new search
page permalink

## CASE PROFILE

PC-NY-0048

| | |
|---|---|
| Case Name | **Disability Advocates, Inc. [DAI] v. New York State Office of Mental Health** |
| Docket / Court | 1:02-cv-04002-GEL ( S.D.N.Y. ) |
| State/Territory | New York |
| Case Type(s) | Disability Rights-Pub. Accom. |
| | Prison Conditions |
| Special Collection | Solitary confinement |
| Attorney Organization | Legal Services/Legal Aid |
| | Prisoners' Legal Services of New York (PLSNY) |

Save Case

Case Summary

On May 28, 2002, Disability Advocates, Inc., along with other public interest groups, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Southern District of New York on behalf of state prisoners with mental illness. The complaint alleged that the New York State Office of Mental Health [OMH] and the New York State Department of Correctional Services [DOCS] were deliberately indifferent to the serious mental health needs of state prisoners with mental illness, in violation of the Eighth Amendment, the Americans with Disabilities Act (ADA) and the Rehabilitation Act. Specifically, plaintiff alleged that a cycle of torment existed within the New York state prison system: a lack of adequate mental health care resulted in the placement of prisoners with mental illness in isolated confinement, which in turn caused greater psychiatric harm to those prisoners. Plaintiff sought declaratory and injunctive relief.

Defendants filed a motion to transfer the case which was denied by the District Court (Judge Gerard E. Lynch) on October 31, 2002. Thereafter, the parties conducted discovery through 2006.

In April 2007, the parties reached a settlement, which Judge Lynch approved on April 27, 2007. The settlement requires that prisoners with serious mental illness confined in Special Housing Units ("SHU") will now receive a minimum of 2 hours per day of out of cell treatment and that prisoners in the RMHU receive as many as 4 hours, in addition to an hour of recreation.

The settlement also provides:

- Multiple reviews of disciplinary sentences for prisoners with mental illness for the purpose of removing prisoners with serious mental illness from isolated confinement.
- Residential programs for 405 prisoners with serious mental illness.
- 215 Transitional Intermediate Care Program beds for prisoners with mental illness in general population.
- 90 additional Intermediate Care Program beds for prisoners with mental illness who cannot tolerate the prison general population.
- A 100 bed Residential Mental Health Unit ("RMHU") which will provide 4 hours per day of out-of-cell programming for prisoners with serious mental illness who would otherwise be in SHU.
- The above are in addition to 310 residential mental health programs beds which the state instituted after the litigation commenced.
- An additional 20 psychiatric hospital beds for prisoners in need of acute care.
- Universal and improved mental health screening of all prisoners at admission to prison.
- Improved suicide prevention assessments, now required upon admission to SHU.
- Improved treatment and conditions for prisoners in psychiatric crisis in observation cells.
- Limits on the use of observation cells, where prisoners in psychiatric crisis are deprived of most possessions and clothing.
- Limits on punishment of prisoners with mental illness who hurt themselves because of their illness.
- Limits on the use of the punitive 'restricted diet' (a loaf made from bread and cabbage) as a punishment for misconduct by prisoners with serious mental illness.

- Elimination of isolated confinement of prisoners with serious mental illness in cells that have solid steel doors that severely isolate and restrict communication.

*1-A*

The new state budget provides monies to carry out the State's commitments in the settlement agreement. These funds approximate over $50 million in capital construction costs; $2 million for additional OMH staffing for the 2007-2008 year to grow to $9 million when construction is complete; and nearly $2 million for additional DOCS staffing for the 2007-2008 fiscal year.

*Dan Dalton - 04/18/2007*
*Andrew Junker - 10/22/2014*

compress summary

- click to show/hide ALL -

## Issues and Causes of Action
click to show/hide detail

**Issues**

**Affected Gender**
Female

Male

**Constitutional Clause**
Cruel and Unusual Punishment

Due Process

Equal Protection

**Defendant-type**
Corrections

Jurisdiction-wide

**General**
Conditions of confinement

Disciplinary procedures

Disciplinary segregation

Solitary confinement/Supermax (conditions or process)

**Medical/Mental Health**
Mental health care, general

Self-injurious behaviors

**Mental Disability**
Mental Illness, Unspecified

**Plaintiff Type**
Private Plaintiff

**Type of Facility**
Government-run

**Causes of Action**
42 U.S.C. § 1983
Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 et seq.
Section 504 (Rehabilitation Act), 29 U.S.C. § 701

## Case Details
click to show/hide detail

| | |
|---|---|
| Defendant(s) | New York State Dept. of Correctional Services<br>New York State Office of Mental Health |
| Plaintiff Description | A New York protection and advocacy agency suing on behalf of prisoners with mental illness in New York State |
| Indexed Lawyer Organizations | Legal Services/Legal Aid<br>Prisoners' Legal Services of New York (PLSNY) |
| Class action status sought | No |
| Class action status | No |

granted

| | |
|---|---|
| Filed Pro Se | No |
| Prevailing Party | Plaintiff |
| Public Int. Lawyer | Yes |
| Nature of Relief | Injunction / Injunctive-like Settlement |
| Source of Relief | Settlement |
| Form of Settlement | Court Approved Settlement or Consent Decree |
| Order Duration | 2007 – n/a |
| Filed | 05/28/2002 |
| Case Closing Year | 2007 |
| Case Ongoing | Perhaps, but long-dormant |

## Documents

click to show/hide detail

Docket(s)   **1:02-cv-04002-GEL** (S.D.N.Y.)
PC-NY-0048-9000.pdf | Detail
*Date: 10/05/2007*
*Source: PACER [Public Access to Court Electronic Records]*   [ Save Doc ]

General Documents   **Complaint**
PC-NY-0048-0001.pdf | Detail
*Date: 05/28/2002*   [ Save Doc ]

**Report of Plaintiff's Expert Steve J. Martin**
PC-NY-0048-0003.pdf | Detail
*Date: 06/01/2005*
*Source: Plaintiffs' counsel*   [ Save Doc ]

**Report of Plaintiffs' Expert, Dr. Terry Kupers, MD (PART I; PART II FOLLOWS)**
PC-NY-0048-0004.pdf | Detail
*Date: 06/01/2005*
*Source: Plaintiffs' counsel*   [ Save Doc ]

**Report of Plaintiffs' Expert, Dr. Terry Kupers, MD (PART II; PART I PRECEDES THIS)**
PC-NY-0048-0005.pdf | Detail
*Date: 06/01/2005*
*Source: Plaintiffs' counsel*   [ Save Doc ]

**Private Settlement Agreement**
PC-NY-0048-0002.pdf | Detail
*Date: 04/25/2007*   [ Save Doc ]

## People

click to show/hide detail

show all people docs

| | | |
|---|---|---|
| Judges | Lynch, Gerard E. (S.D.N.Y., Second Circuit) | show/hide docs |
| Plaintiff's Lawyers | Benkard, James W.B (New York) | show/hide docs |
| | Boston, John (New York) | show/hide docs |
| | Ginsberg, Betsy R. (New York) | show/hide docs |
| | Greenberg, Daniel L. (New York) | show/hide docs |
| | Johnson, Alba Susan (New York) | show/hide docs |
| | Kerr, Sarah (New York) | show/hide docs |
| | Lasky, Brian N. (New York) | show/hide docs |
| | Loewenstein, Nina (New York) | show/hide docs |
| | Rearden, Jennifer H. (New York) | show/hide docs |
| | Sterling, Elizabeth [Betsy[ C. (New York) | show/hide docs |
| | Terrizzi, Thomas (New York) | show/hide docs |
| | Zucker, Cliff (New York) | show/hide docs |
| Defendant's Lawyers | Adlerstein, Lee A. (New York) | show/hide docs |
| | Brewster, Richard W. (New York) | show/hide docs |
| | Cohen, Leonard Arthur (New York) | show/hide docs |



Cuomo, Andrew M. (New York)
Knudsen, John E. (New York)

Other Lawyers   Martin, Steve J. (Texas)



show/hide docs
show/hide docs
show/hide docs

- click to show/hide ALL -

new search
page permalink

- top of page -

**MICHIGAN LAW**
UNIVERSITY OF MICHIGAN

Contact
Report an Error
Privacy Policy




SULLIVAN COUNTY SHERIFF'S OFFICE

MEMORANDUM

August 19, 2020

To:        Delorenzo, Paul 20-0182

From:      Lieutenant Christopher R. Bini

Subject:   GRIEVANCE 20-473

Grievant advises that upon admission to this facility he notified security staff and medical staff that he suffers from seizures and that he takes medication for it. Grievant further states that he advised staff he wasn't feeling well and might have a seizure. Grievant makes the complaint that after notifying medical he wasn't given any seizure medication and this led to him having a seizure.

## Chief Administrative Officer Response:

Upon entry grievant was booked and during the booking process grievant was asked if he was on any medications, grievant supplied the names of three different meds he was currently taking, none of the three meds are prescribed for seizure disorder. The medical department did reach out to grievants pharmacy and current doctor for medical records and for a list of current medications. The list of medications provided by grievants pharmacy went back 3years and did not contain any seizure medications. The medical record provided by grievants doctor didn't contain any documentation of seizure history. Grievant fails to provide any supporting evidence that he was on any type of seizure medication or that he even advised anyone of such.

This grievance is denied on merit.





## SULLIVAN COUNTY SHERIFFS OFFICE

### MEMORANDUM

August 14, 2020

To:   Delorenzo, Paul 20-0182

From:  Corporal Calangelo

Subject: Grievance 20-473 479

Grievant's Complaint:

You state your rights are being violated under Tile 28 C.F.R 35.104(1)(:) (2016) Title II of ADA Section 504 and the 8th Amendment by not giving you your medication. You are requesting immediate action to stop these violations and to file claim against the medical staff, the Sheriff and Jail Administration.

Grievance Coordinator's Decision:

Your grievance was returned to you August 10, 2020 by this Coordinator requesting dates of stated violations and names of those individuals you claim violated you and specifically how you were violated.  You failed to supply those names to allow me to conduct a thorough investigation.

Medical requests were sent to you doctor and your stated pharmacy for records verification. The facility is unable to provide any medications until such verification is received. Upon receipt of your pharmacy records and medical records, medications are not facility approved.  You had an interview with facility psychiatrist at which time you walked out of the interview due to Doctor's unwillingness to provide you with requested medications.

On 08/02/2020 you were started on Kepra for your seizures and then on 08/14/20 you started Buspar prescribed by Dr. Mirza, facility psychiatrist.

Since admission to the facility on July 27, 2020 you have been seen by medical staff at a minimum of twice daily during medication rounds as well as individually six (6) times as well as transported to CRMC twice.

There is no supporting evidence to your claim of medical violating your rights or deliberate indifference.

Grievance DENIED at this level.

If you wish to file any legal papers, you can request such papers by submitting a law library slip.





SULLIVAN COUNTY SHERIFFS OFFICE

MEMORANDUM

August 5, 2020

To:    Delorenzo, Paul 20-0182

From:  Corporal Calangelo

Subject:  Grievance 20-462

Grievant's Complaint:
       Grievant states he requested to go to rec and was denied due to being on quarantine. He requests to have grievance forwarded to Albany to allow Albany to see how his rights were violated. He also requests to file a 1983 against the Sullivan County Jail.


Grievance Coordinator's Decision:

       All inmates entering the Sullivan County Jail are required to go through classification to ensure effective management of all inmates and facility population in a safe and secure environment. Due to the COVID 19 pandemic, classification process now includes a fourteen (14) day quarantine. This is mandatory quarantine per NYSCOC.

       Inmates that are unclassified are not entitled to recreation as outlined in the NYSMS 7028.2 (c). Unclassified inmates are permitted out of their cells daily for one (1) hour to use the shower and unit phone to contact loved ones.

       Currently the facility is providing more than the NYSMS 7005.5 (b) provide to those inmates housed under NYSMS 7013.2(h)

       Grievance denied at this level.

       Grievant can request any documentation he would like to file A 1983. A law library request must be made in writing stating what information he would like. Such materials will be provided in three (3) business days after submission of request. He can request a law library request form from his housing unit Officer.



(5-3)

## SULLIVAN COUNTY SHERIFFS OFFICE

### MEMORANDUM

September 9, 2020

To:     Delorenzo, Paul 20-0182

From:  Corporal Calangelo

Subject: Grievance 20-599

<u>Grievant's Complaint:</u>

Grievant claims he has been denied law library for weeks.  He states the facility is not in compliance with NYSMS 7031.4.  He requests his answer to be forwarded to Albany for review.

<u>Grievance Coordinator's Decision:</u>

The Sullivan County Jail currently provides all legal reference materials outlined in NYSMS 7031.4 through two Lexus Nexus computer systems.  These systems are offered to inmate population on a daily basis.  Grievant does not support his claim of being denied the right to the law library.

Grievance DENIED at this level.

I can provide many cases Not on lexis nexis



(5-2)

### SULLIVAN COUNTY SHERIFFS OFFICE

### MEMORANDUM

September 9, 2020

To:   Delorenzo, Paul 20-0182

From: Corporal Calangelo

Subject: Grievance 20-602

Grievant's Complaint:

Grievant claims he is not allowed an advocate to help him with the grievance process. He claims seeing the facility social worker once a week is not enough and she does not understand the grievance process. He is requesting assistance with grievances and the use of the Lexus Nexus computer system.

Grievance Coordinator's Decision:

Grievant's complaint has been previously answered in grievance 20-541 at the Administrative level. Since entering the facility on July 27, 2020 to date, grievant has submitted over twenty-five grievances and continues to file grievances. Grievant has been able to provide substantial information when requested by grievance coordinator. Grievant has been using the facility law library through access of the Lexus Nexus, as well as received legal documents he personally requested. At no time has grievant submitted a request to a member of Administration requesting assistance as outlined in the NYSMS 7031.3 and 7032.9. Grievant is currently represented by the Legal Aide Council and is not acting in Pro Se Manner.

Grievance DENIED at this level.

Do Not Have lawyer
for 42 USC 1983
filed in White plains federal
Court filed as pro se





## SULLIVAN COUNTY SHERIFF'S OFFICE

### MEMORANDUM

September 11, 2020

To:        Delorenzo, Paul 20-0182

From:      Lieutenant Christopher R. Bin

Subject:   GRIEVANCE 20-570

Grievant states that according to NYSMS and the inmate rule book that current law books will be kept in the multipurpose room. Grievant requests law books to be maintained in the multipurpose room.

## Chief Administrative Officer Response:

This facility is currently in compliance with all requirements as outlined in New York State Minimum Standards 7031. The standard does not require this agency to maintain physical law books, it does require this facility to provide access to current legal materials and this standard is being met through the provided Lexis Nexis law computer. A copy of the NYSMS 7031 is being provided with this response. As for the rule book, it is stated on page 3 that the Sheriff or his designee may change or modify the book without notice, in this case it has been modified.

This grievance is denied on merit.



## Evidence

1. lawSuit About Solitary Confinments and mentally ill
2. Chief Admin Respone Stating I don't Have Seizure meds
3. Jail Won't provide
4. Denied Grievence #20-479
5. Denied Grievence #20-462 States I CAN request Any playmation for 1983 But Grievence #20-599, 20-602, 20-570 All Denied for requested Materials.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Currently more then 4 Seizures two Hospital visits In Human and Indifference to My Mental Well being

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

I'd like to be 180,000 for the days till I got Meds 220,000 for the 11 days I Sat Confined in a cell Without profes Mental Health, 500,000 for the pain + Suffering the End un repairable damage done to me during my tortious stay at Sullivan county Jail total $900,000 And for Sullivan county Jail to re do Medical/Mental Health Care System.



## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 9/26/20 | Paul J Delorenzo |
|---|---|
| Dated | Plaintiff's Signature |

| PAUL | J | Delorenzo |
|---|---|---|
| First Name | Middle Initial | Last Name |

Sullivan County Jael 58 Old Rt 17
Prison Address

| Sullivan Monticello, NY | | 12701 |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: 9/21/20

P. Delorenzo 20-2-00182 00772
Sullivan County Jail
58 old Rt 17
Monticello, NY 12701

United States Federal Court
Federal Building
Pro Se Intake Unit Clerk
300 Quarropas St
White Plains, NY 10601

*Confidential LEGAL MAIL*

SEP 24 2020
U.S.D.C.
WP

USMWP
LEGAL MAIL