

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL J. DELORENZO, JR.,

                      Plaintiff,

        -against-

SULLIVAN COUNTY JAIL
ADMINISTRATION, et al.,

                      Defendants.

20-CV-7935 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, currently incarcerated at Sullivan County Jail (SCJ), brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants denied him medical and mental health

treatment during his detention at SCJ. By order dated November 9, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

      The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of

these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Sullivan County Jail Agencies

Plaintiff's claims against the "Sullivan County Jail Administration" and "Health Care Services Administration" must be dismissed because municipal departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

### B.    "Mental Health Administrator"

Plaintiff names as a defendant the "mental health administrator," but he does not state any facts regarding this individual's personal involvement. Plaintiff also does not state enough facts for the Court to determine whether this defendant is a John Doe defendant or a known person. Thus, the Court dismisses this defendant without prejudice for failure to state a claim against this defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff had intended to sue an individual and can state facts in support of claims against that individual, he is free to seek leave to amend his complaint to add that defendant.

C.      **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90

days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that

summonses be issued. The Court therefore extends the time to serve until 90 days after the date

the summonses are issued. If the complaint is not served within that time, Plaintiff should request

an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray

v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides

the information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

To allow Plaintiff to effect service on Defendants Mike Schiff, Eric Chaboty, Harold

Smith, James Ginty, Christopher Bini, Officer Taylor, Dr. Weiss, Lynn Wilcox, Dr. Mirza, Wendy

Moore, Jennie Norris, and Katie Slater, through the U.S. Marshals Service, the Clerk of Court is

instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285

form") for each of these defendants. The Clerk of Court is further instructed to issue summonses

and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to

effect service upon these defendants.

3

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against "Sullivan County Jail Administration" and "Health Care Services Administration." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiff's claims against "Mental Health Administrator" without prejudice. *See id.*

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Mike Schiff, Eric Chaboty, Harold Smith, James Ginty, Christopher Bini, Officer Taylor, Dr. Weiss, Lynn Wilcox, Dr. Mirza, Wendy Moore, Jennie Norris, and Katie Slater, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 16, 2020
          White Plains, New York

_____
          NELSON S. ROMÁN
          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.   Mike Schiff, Sheriff of Sullivan County
     58 Old Route 17
     Monticello, NY 12701

2.   Eric Chaboty, Under Sheriff Sullivan County
     58 Old Route 17
     Monticello, NY 12701

3.   Harold Smith, Chief Jail Administrator
     58 Old Route 17
     Monticello, NY 12701

4.   Captain James Ginty
     58 Old Route 17
     Monticello, NY 12701

5.   Lieutenant Christopher Bini
     58 Old Route 17
     Monticello, NY 12701

6.   Correction Officer Taylor
     58 Old Route 17
     Monticello, NY 12701

7.   Dr. Weiss
     58 Old Route 17
     Monticello, NY 12701

8.   Head Nurse Lynn Wilcox
     58 Old Route 17
     Monticello, NY 12701

9.   Dr. Mirza
     58 Old Route 17
     Monticello, NY 12701

10.  Nurse Wendy Moore
     58 Old Route 17
     Monticello, NY 12701

11.  Jennie Norris
     58 Old Route 17
     Monticello, NY 12701

12.     Katie Slater
        58 Old Route 17
        Monticello, NY 12701