UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                │
│ DATE FILED:  3/25/2022                    │
└─────────────────────────────────────────┘
```

PAUL J. DELORENZO JR.,

                                    Plaintiff,

     -against-

MIKE SCHIFF, ERIC CHABOTY, HAROLD
SMITH, JAMES GINTY, CHRISTOPHER BINI,
OFFICER TAYLOR, DR. WEISS, LYNN WILCOX,
DR. MIRZA, WENDY MOORE, JENNIE NORRIS,
KATIE SLATER,

                                    Defendants.

No. 20-CV-7935 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Paul J. Delorenzo Jr. ("Plaintiff"), proceeding *pro se,* commenced this action on September 24, 2020 (ECF No. 2) alleging violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, against Michael Schiff, Sheriff of Sullivan County; Eric Chaboty, Under Sheriff of Sullivan County; Harold Smith, Chief Jail Administrator; James Ginty, Captain of Sullivan County Jail; Christopher Bini, Lieutenant of Sullivan County Jail (together, the "County Defendants"); Lynn Wilcox, Head Nurse; Nurse Wendy Moore; Nurse Katie Slater (together, the "Nurse Defendants"); Jennifer Norris-Manning, Social Worker; Robert Taylor, Corrections Deputy; Dr. Jonathan Weiss; and Dr. Sobia Mirza, (all together, the "Defendants").   Currently before the Court are the County Defendants' motion to dismiss (ECF No. 54), the Nurse Defendants' motion to dismiss (ECF No. 65), Dr. Weiss' motion to dismiss (ECF No. 55), Dr. Mirza's motion to dismiss (ECF No. 77), Norris-Manning's motion to dismiss (ECF No. 74) and Deputy Taylor's motion to dismiss (ECF No. 52).   For the following reasons, all of the motions are GRANTED without opposition.

**BACKGROUND**

The following facts are taken from the Complaint and are construed in the light most favorable to Plaintiff, the non-movant, and accepted as true for purposes of this motion.

Plaintiff is a convicted and sentenced prisoner incarcerated at Sullivan County Jail ("SCJ"). (Compl. at 2.)  On July 27, 2020 during the facility's booking process, Plaintiff told Defendant Taylor that he suffers from seizures and has mental health problems due to a traumatic brain injury, and suffered a loss of 37% of his cognitive functions.  (*Id*. at 6.)  This same day, Plaintiff was screened by medical staff including Nurse Slater, and he told her the same information as well as the medications he was on for his seizures and pain due to a prior accident.  (*Id*.)  For six days, Plaintiff was denied medication for his seizures, and therefore on August 1, 2020 he suffered a seizure and had to be rushed to the hospital.  (*Id*.)  At the hospital he received medication and was brought back to SCJ where he "was not seen by facility Dr. Weiss."  (*Id*.)

After eight days without mental health medication, Plaintiff was seen by Dr. Mirza, but the two had an argument as "she didn't understand how [he] explained [his] current mental state."  (*Id*.)  When Plaintiff tried to explain his medications, Dr. Mirza cut him off and told him he was lying, so Plaintiff walked out of the appointment.  (*Id*. at 7.)

On August 7, 2020, after twelve days of "no medical/mental health", Plaintiff sent a letter to Defendant Moore "pleading for help."  (*Id*.)  The letter states that "the voices were getting louder" and the only way to subdue the voices were acts of violence or harming himself.  (*Id*.)  Plaintiff was then "placed on 1 on 1", stripped of his clothes, and placed in solitary confinement. (*Id*.)  On August 13, 2020, he was finally seen by Dr. Mirza and put on medication.  (*Id*.)  Since this time, Plaintiff has not seen Dr. Mirza, but instead has had multiple appointments with Defendant Norris-Manning.  (*Id*. at 8-9.)

On August 14, 2020, in response to Plaintiff filing a grievance about his missing

medication, the grievance coordinator stated that medical requests were sent to Plaintiff's doctor and pharmacy for records verification, and that the medication could not be provided until such verification was received.  (*Id.* at 15.)  He states that since being admitted, Plaintiff had been seen by medical staff twice daily during medication rounds, and six times individually, as well as being transported to the hospital twice.  (*Id.*)  On August 19, 2020, in response to Plaintiff filing another grievance about his missing seizure medication, Lieutenant Bini responded that during booking Plaintiff did not mention any seizure medications, and a list of current medications received by Plaintiff's pharmacy and doctor did not contain any documentation of seizure disorders or a history of seizures.  (*Id.* at 14.)  Therefore, his grievances were denied.  (*Id.* at 14-15.)

Plaintiff filed suit on September 24, 2020.  (ECF No. 2.)  The County Defendants, Nurse Defendants, Deputy Taylor, and Dr. Weiss filed their motions to dismiss on May 18, 2021 (ECF Nos. 52, 54, 55, & 65.)  Norris-Manning and Dr. Mirza filed their motions to dismiss on June 9, 2021.  (ECF Nos. 74 &77.)  Plaintiff did not file any oppositions.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 555.  A motion

to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

### I.   Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("Section 1983 . . . is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotation marks omitted). To state a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013).

Reading the Complaint liberally, Plaintiff alleges a violation of the Eighth Amendment pursuant to Section 1983 for deliberate indifference to medical needs. (*See* Compl.) Deliberate indifference claims brought by post-trial detainees, like Plaintiff, are governed by the Eighth Amendment. *Haynes v. City of N.Y.*, 19 Civ. 1925 (NRB), 2020 WL 4926178, at *6 (S.D.N.Y. Aug. 20, 2020). The Eighth Amendment guarantees freedom from "cruel and unusual punishment." U.S. Const. amend. VIII. This includes depriving prisoners of their "basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 200 (1989)). For a plaintiff to establish that a prison official violated the Eighth Amendment, "(1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' [*i.e.*, the "objective prong"] and (2) the alleged perpetrator—ordinarily a prison official—must possess a 'sufficiently culpable state of mind.' [*i.e.*, the "subjective prong."]" *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To determine whether a deprivation of medical care is "sufficiently serious," the Court must "(1) determine whether the medical care was inadequate, and, (2) if so, '[] examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner.'" *Taft v. Fricke*, No. 9:17-CV-0346 (GTS/CFH), 2019 WL 5197180, at *7 (N.D.N.Y. July 26, 2019) (citing *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. Oct. 27, 2006)). To assess the adequacy of care a claimant received, the Court must determine whether the prison official provided "reasonable care." *Salahuddin*, 467 F.3d at 279. The next step in determining whether a claimant's deprivation was sufficiently serious depends on the type of claim they are making. Where, as here, a plaintiff has alleged deliberate indifference to medical needs that is premised on "a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone" in analyzing the nature of the deprivation. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (emphasis in original)).

For the subjective prong, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety" that would result from his or her act or omission. *Jones v. Avanzato*, No. 14-cv-2044 (NSR), 2016 WL 183565 at *3 (S.D.N.Y. Jan. 13, 2016) (citing *Farmer*, 511 U.S. at 837). Medical malpractice "does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation marks omitted). Therefore, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff appears to allege two different medical issues that he claims were neglected by Defendants: his seizure disorder and his mental health problems.  Defendants generally aver that Plaintiff has failed to show the required personal involvement for each to satisfy Section 1983. The Court agrees.

First, Plaintiff has failed to show any personal involvement by Defendants Schiff, Chaboty, Smith, Ginty, and Wilcox.  "It is well settled that . . . to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  As the Complaint contains no factual allegations involving these individuals, Plaintiff's Section 1983 claim is dismissed as to these defendants.

Second, "there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Tangreti v. Bachmann*. 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  As Plaintiff has only shown Defendants Moore and Bini's participation to consist of being sent letters or grievances, the claim against them is also dismissed.  *See Smart v. Annucci*, No. 19-CV-7908 (CS), 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) ("That [the defendants] failed to act on Plaintiff's complaints . . . cannot support the inference that these Defendants, through '[their] own individual actions, [have] violated the Constitution.'") (quoting *Tangreti*, 983 F.3d at 615); *Rivera v. Bloomberg*, No. 11-CV-629, 2012 WL 3655830, at *6 (S.D.N.Y. Aug. 27, 2012) ("Even if the [c]omplaints could be read to suggest that [the] [c]ommissioner . . . failed to act, a prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official exhibited deliberate indifference by failing to act on information indicating that the violation was occurring.").

Lastly, for the majority of the remaining Defendants, Plaintiff has not alleged any facts that show they possessed the requisite knowledge or involvement to consist of disregarding a substantial risk of harm.  First, while Plaintiff alleges Defendants Taylor and Slater were told about his seizure disorder and medications at booking, Plaintiff fails to allege that either defendant was involved in decisions regarding his treatment.  Taylor does not appear to be a medical professional, and Plaintiff asserts no facts showing Slater actually treated Defendant at any time.  Second, while Plaintiff alleges to have had several appointments with Defendant Norris-Manning, he fails to explain what these appointments were for, and if Norris-Manning was even aware of his conditions. Further, Norris-Manning also does not appear to be a medical professional, and likely has no authority over Plaintiff's treatment.  Third, Plaintiff merely alleges that he was not seen by Dr. Weiss after he came back from the hospital.  However, he fails to allege that he was ever treated by Dr. Weiss before this, that Dr. Weiss had any knowledge of his seizure disorder or mental health issues, or even that he requested to see the doctor once he returned.  Accordingly, Plaintiff's Section 1983 claim is dismissed for lack of personal involvement as to all defendants except Dr. Mirza.

I.      *Dr. Mirza*

Plaintiff's allegations involving Dr. Mirza only involve his mental health issues.  First, Plaintiff alleges Dr. Mirza did not understand his explanation about his mental health issues and stated he was lying about needing medication.  Plaintiff has failed to show a sufficiently serious deprivation.  While Plaintiff alleges to have mental health problems due to a traumatic brain injury, he fails to allege what these mental health problems consist of, including his symptoms and how they affect his life.  It is also not clear from the Complaint what exactly he told Dr. Mirza about these issues.

8

Second, after Plaintiff claimed to suffer a mental health crisis, Dr. Mirza took six days to see him and provide medication.  However, "[a]lthough a delay in providing necessary medical care may in some cases constitute unconstitutional deliberate indifference, such a classification is reserved for when 'officials deliberately delayed care as a form of punishment; ignored a life-threatening and fast-degenerating condition for three days; or delayed major surgery for over two years.'"  *Sims v. City of New York*, 788 F. App'x 62, 64 (2d Cir. 2019) (dismissing deliberate indifference claim as the Court could not conclude that plaintiff's allegations that he was held for three weeks without "adequate monitoring, medication and treatment" consisted of an "objectively serious deprivation").  Here, based on the allegations in the Complaint, the Court cannot conclude that Dr. Mirza ignored a life-threatening condition or deliberately delayed treatment to punish Plaintiff.

Accordingly, Plaintiff's Section 1983 claim against Dr. Mirza is also dismissed.

## I.      ADA and RA

Plaintiff also appears to be asserting claims for discrimination under the ADA and RA.  The ADA and RA "impose identical requirements."  *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509, 513 (2004).  Section 504 of the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

To establish a violation of Title II, a plaintiff must show that (1) he or she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) he or she was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of [his or her] disabilities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). To establish a claim under the RA, a plaintiff must also demonstrate that the defendant receives federal funding. *Id.*

As an initial matter, "Title II of the ADA and the RA do not provide for individual capacity suits for monetary damages." *Urbanski v. Lambert*, No. 3:18cv1420(VLB), 2019 WL 3067287, at *3 (D. Conn., July 12, 2019). Therefore, Plaintiff's ADA and RA claims against the Defendants, insofar as they are sued in their individual capacities, must be dismissed.

Even if Plaintiff is suing Defendants in their official capacities, his claim would still fail. Assuming for the purposes of this motion that Plaintiff is disabled under the statutes, Plaintiffs' allegations do not show that he was discriminated against because of any disability. "It is not enough for Plaintiff to state that [he] is disabled and that bad things happened to [him] . . . [he] must allege facts from which a reasonable trier of fact could infer that these things happened to [him] because of discrimination on the basis of [his] disability." *Amato v. McGinty*, No. 1:21-cv-00860 (GLS/TWD), 2022 WL 226798, at *9 (N.D.N.Y. Jan. 26, 2022). As Plaintiff's Complaint provides no allegations showing any of the alleged events occurred due to Plaintiff's medical disorders, his ADA and RA claims are dismissed.

## II.     Leave to Amend

*Pro se* plaintiffs are allowed an opportunity to amend their complaint before the Court will dismiss it with prejudice. *Owens v. N.Y.C. Dep't of Sanitation*, No. 11-CV-8297(ALC), 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) ("[A] court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"); *Breer v. Maranville*, No. 12-CV-

0053, 2012 WL 6597707, at *3 (D. Vt. Nov. 27, 2012) ("The Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted).   Therefore, the Court will not dismiss the Complaint with prejudice at this time.

**CONCLUSION**

For the foregoing reasons, the County Defendants' motion to dismiss, the Nurse Defendants' motion to dismiss, Dr. Weiss' motion to dismiss, Dr. Mirza's motion to dismiss, Norris-Manning's motion to dismiss, and Deputy Taylor's motion to dismiss are all GRANTED without opposition.  Plaintiff is granted leave to file an Amended Complaint consistent with this Opinion and Order on or before, May 25, 2022.  An Amended Civil Rights Complaint form is attached to this Order.  Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 54, 55, 65, 74 & 77.  The Clerk of Court is further respectfully directed to mail a copy of this Opinion & Order to the *pro se* Plaintiff at the address listed on ECF, and to show proof of service on the docket.

Dated:   March 25, 2022                                    SO ORDERED:
            White Plains, New York

_____
            NELSON S. ROMÁN
            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                        Middle Initial                     Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____